UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES D. KASPER,

    Petitioner,

vs.                                          Case No.:    3:15-cv-86-J-32PDB
                                                                                  3:13-cr-60-J-32PDB

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner James Kasper's "Appeal to the District Court of the Magistrate's Order Denying Plaintiff's Motion for Leave to Supplement 28 U.S.C. 2255 Motion." (Civ. Doc. 9).[1] Petitioner stands convicted of one count of producing child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). (Crim. Doc. 59). After an unsuccessful direct appeal, Petitioner moved on January 9, 2015 to vacate his sentence pursuant to 28 U.S.C. § 2255. Nearly a year and a half later, on or around June 23, 2016, Petitioner moved to supplement his § 2255 motion with a claim that 18 U.S.C. § 2251(a) is unconstitutionally vague based on Johnson v. United States, 135 S. Ct. 2551 (2015). (See Doc. 7). In Johnson, the Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which is

---

[1] Citations to the record of the underlying criminal case, United States vs. James Kasper, Case No. 3:13-cr-60-J-32PDB, will be denoted as "Crim. Doc. __." Citations to the record of the civil § 2255 case, 3:15-cv-86-J-32PDB, will be denoted as "Civ. Doc. __."

part of the definition of a "violent felony" under the Armed Career Criminal Act (ACCA), is unconstitutionally vague. Johnson, however, had nothing to do with 18 U.S.C. § 2251 or child pornography.

The Magistrate Judge denied the motion to supplement as futile because (1) the new claim was untimely; (2) Johnson, together with 28 U.S.C. § 2255(f)(3), could not save the claim from being untimely because Johnson did not recognize the right Petitioner asserted, i.e., that 18 U.S.C. § 2251(a) is unconstitutionally vague; and (3) the new claim did not relate back to any of the claims originally set forth in the Motion to Vacate. (See Civ. Doc. 8). Petitioner appeals the Magistrate Judge's order, contending (1) that the Magistrate Judge lacked authority to issue an order on the Motion to Supplement (Civ. Doc. 9 at 2-3), and (2) that the Magistrate Judge erred in concluding that Johnson did not recognize the right he attempted to assert (see id. at 3-5).

Petitioner's contention that the magistrate judge lacked authority to rule on the motion to supplement lacks merit. A magistrate judge has authority to rule on a non-dispositive pretrial motion, which includes a motion to supplement the pleading. See 28 U.S.C. § 636(b)(1)(A); see also Reeves v. DSI Sec. Services, Inc., 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint.") (citing 28 U.S.C. § 636(b)(1)(A)). Moreover, Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida, authorizes a magistrate judge to supervise and determine "all pretrial proceedings and motions made in civil

cases including, without limitation, rulings upon all procedural and discovery motions," with exceptions not applicable here.

Petitioner's contention that the magistrate judge erred also lacks merit. The Magistrate Judge's Order is non-dispositive. See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) (a magistrate judge's order denying a motion to amend the complaint is a non-dispositive order, which may only be set aside if it is clearly erroneous or contrary to law); Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 782-83 (E.D.N.C. 2011) (a magistrate judge's order denying a motion to amend the complaint is a non-dispositive order, even if it "has the effect of disposing of whatever claims [plaintiffs] will not be permitted to add to their complaint through amendment.") As such, Petitioner must establish that the conclusions to which he objects are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). After careful review of the Magistrate Judge's Order denying the Motion to Supplement, the Court does not find that the Order was either clearly erroneous or contrary to law. The Magistrate Judge correctly determined that Petitioner's vagueness challenge to 18 U.S.C. § 2251(a) is untimely, and that Johnson has no application to Petitioner's case. Indeed, nothing in Johnson suggests that any part of 18 U.S.C. § 2251, which concerns child pornography, is unconstitutionally vague. Accordingly, it is hereby

**ORDERED:**

Petitioner James D. Kasper's "Appeal to the District Court of the Magistrate's Order Denying Plaintiff's Motion for Leave to Supplement 28 U.S.C. 2255 Motion"

(Doc. 9) is **DENIED**.

      **DONE AND ORDERED** at Jacksonville, Florida this 20th day of October, 2016.

                                              TIMOTHY J. CORRIGAN
                                              United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner